FILED

2013 SEP -6  AM 11:04

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY_____

Pauliana N. Lara, Esq. SBN 222401
CONSUMER ACTION LAW GROUP, PC
3700 Eagle Rock Boulevard
Los Angeles, CA 90065
Telephone: (818) 254-8413
Fascimile: (866) 936-6916

Robert F. Brennan, Esq. [S.B. #132449]
LAW OFFICES OF ROBERT F. BRENNAN
3150 Montrose Ave.
La Crescenta, Ca. 91214
Telephone: (818) 249-5291
Fascimile: (818) 249-4329

Attorneys for Plaintiff
CHRISTOPHER BURTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER BURTON, an Individual;

Plaintiff,

vs.

SUNRISE FORD., a Corporation; and DOES 1-10, Inclusive,

Defendant.

Case No.: CV13-06527 -AJW

COMPLAINT FOR DAMAGES:

1. VIOLATION OF FEDERAL FAIR CREDIT REPORTING ACT;
2. VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.

**JURY TRIAL DEMANDED.**

Plaintiff alleges:

1. Plaintiff CHRISTOPHER BURTON ("Plaintiff") is an individual and a resident of the County of Orange, State of California.

2. Defendant SUNRISE FORD (hereinafter "FORD") is a corporation doing business in the State of California, County of Orange, engaged in business as a retail automobile dealership.

3. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of defendant sued herein as Does 1 through 10, inclusive,

under the provisions of <u>Section 474 of the California Code of Civil Procedure.</u> Plaintiff is informed and believes and on that basis alleges that Defendant Does 1 through 50, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of defendant or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to plaintiff, as set forth below and herein:

    a) Said Officers, directors or managing agents of defendant personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

    b) Said officers, directors or managing agents of defendant personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of defendant did so act;

    c) Said officers, directors or managing agents of defendant personally participated in the acts alleged herein of defendant;

    d) Said officers, directors or managing agents of defendant personally had close supervision of their agents, servants, employees and/or joint venturers of defendant;

    e) Said Officers, directors or managing agents of defendant personally were familiar with the facts regarding the matters alleged herein;

    f) Said Officers, directors or managing agents of defendant personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of defendant failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of defendant, even after learning of the acts of the agents, servants, employees and/or joint venturers of defendant. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendant as enumerated above, together with appropriate charging allegations, when learned.

4. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant or fictitiously named Defendant or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

### FIRST CAUSE OF ACTION
### [VIOLATION OF THE FAIR CREDIT REPORTING ACT
### AGAINST ALL DEFENDANTS]

5. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

6. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act and by Civil Code Section 1785.3 (b) of the Consumer Credit Reporting Agencies Act. All defendants are "persons" as defined by Civil Code Section 1785.3(j).

7. On or about July 17, 2013, Plaintiff visited FORD to purchase a new vehicle on a "cash" basis. Plaintiff arrived at the FORD dealership with a check for a limit of $50,000 issued from his credit union.

8. He specifically advised the salesman, Jeffery Lewis, that he was not going to be financing the vehicle, therefore there was no need to run his credit.

9. Mr. Lewis advised plaintiff that it was mandatory for plaintiff to fill out a credit application under the Patriot Act resulting from the 911 attacks.

10. Mr. Lewis further stated that the only reason FORD was going to run his credit was to "verify his identification."

11. The finance manager, a man of Asian descent, without plaintiff's permission shopped for loans even though there was no need since plaintiff had a $50,000 check from a credit union. Plaintiff also specifically informed FORD and the finance manager that the dealership could not match the low interest rate the credit union had offered.

12. Due to the fact that plaintiff is extremely concerned about maintaining the highest credit score and credit report possible, he subscribes to a credit watch service.

13. Subsequent to the purchase of the vehicle, plaintiff learned from his credit watch service that he had 2 hard inquiries on his credit report due to defendant FORD's unauthorized credit check on plaintiff.

14. On July 18, 2013 plaintiff emailed the 2 owners of the FORD dealership James Bruncati and Tony Bruncati, and the sales manager Al Ordonez, complaining about FORD's conduct.

15. James Bruncati replied to plaintiff and advised that someone from FORD would be contacting him.

16. Plaintiff never received a reply from FORD, therefore he wrote to Mr. Ordonez again two days later. Mr. Ordonez advised plaintiff that the Customer Relations Manager, Michele Holguin would be contacting plaintiff. Ms. Holguin never called.

17. Based on the above, it is clear plaintiff gave FORD multiple opportunities to correct this error.

18. Plaintiff on numerous occasions contacted FORD and asked for the credit inquiries to be removed however FORD refused to cooperate with plaintiff and to this date has refused to remove the unauthorized credit inquiries.

19. Despite Plaintiff efforts to correct the inaccurate and derogatory information on his credit report, FORD refused to make the necessary corrections to render his report accurate and complete.

20. To date, FORD has refused and/or neglected to remove the unauthorized inquiries on plaintiff's credit report and by this conduct has caused harm to plaintiff.

4
COMPLAINT FOR DAMAGES

21. Despite the insistence of plaintiff, the defendant, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

22. In the entire course of their actions, Defendant, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and/or negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation or reinvestigation;

b. By willfully and/or negligently failing to conduct an adequate investigation or reinvestigation of plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendant;

c. By willfully and/or negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

d. By willfully and/or negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct any incorrect, incomplete or inaccurate credit reporting;

e. By willfully and negligently accessing, and allowing repeated access to, plaintiff's credit report when defendant FORD and DOES 11-20 positively represented to plaintiff that they did not have permission to access plaintiff's credit report, and thereafter by refusing to delete the additional hard inquiries from plaintiff's credit report; and,

f. By accessing plaintiff's credit report without a permissible purpose and directly contrary to plaintiff's instructions to FORD and DOES 1-20, Inclusive.

23. Defendant FORD and DOES 1-10, Inclusive, have an obligation under 15 U.S.C. Section 1681b, 1681i and 1681s-2 (b) to promptly investigate disputed negative credit information, and to promptly delete such information when the investigation establishes that it should be removed. In this case, Plaintiff provided FORD, and DOES 1-10 with several notices that two FORD inquiries were unauthorized and should be deleted. However, FORD and DOES 1-10, Inclusive, have willfully and/or negligently continued to report the derogatory information,

1  and have continued to publish such information to persons who have requested Plaintiff's credit
2  reports. According to the three credit reporting bureaus computerized credit score simulator,
3  these derogatory references lowered Plaintiff's credit score.
4      24. As a proximate result of the actions of the Defendant, and each of them, Plaintiff has
5  been damaged in an amount which will be proven at time of trial. As provided under the cited
6  laws, Plaintiff is entitled to actual damages, damage to credit reputation and creditworthiness,
7  pain and suffering, statutory penalties, punitive damages, costs and attorney fees.
8      25.    By the conduct alleged above, defendants willfully obtained Plaintiff's credit report
9  for impermissible and illegal purposes in violation of the Fair Credit Reporting Act §1681b.
10     26. As a result of Defendants' conduct Plaintiff suffered severe emotional distress,
11 humiliation and embarrassment. Plaintiff is thus entitled to both general and special damages
12 according to proof.
13     27. As alleged above, Defendant's conduct was willful, rendering them liable for punitive
14 damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1681(n) and §1681(o).
15     28. Plaintiff is entitled to recover costs and attorney fees from Defendants in an amount to
16 be determined by the Court pursuant to 15 U.S.C. §1681(n) and §1681(o).
17     29.    As a result of Defendants' conduct Plaintiff suffered severe emotional distress,
18 humiliation and embarrassment. Plaintiff is thus entitled to both general and special damages
19 according to proof.
20
21                           **SECOND CAUSE OF ACTION**
22     **VIOLATION OF THE CONSUMER CREDIT REPORTING AGENCIES ACT**
23                             **AGAINST ALL DEFENDANTS]**
24     30. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in
25 full in this cause of action.
26     31. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair
27 Credit Reporting Act and by Civ. Code Section 1785.3 (b) of the Consumer Credit Reporting
28

1 Agencies Act. All defendants are "persons" as defined by Civ. Code Section 1785.3 (j).

2 32. By the conduct alleged above, defendants willfully obtained Plaintiff's credit report for impermissible and illegal purposes in violation of the Fair Credit Reporting Act §1681q.

33. By the conduct alleged above, defendants willfully and maliciously obtained Plaintiff's credit report for impermissible and illegal purposes in violation of the Consumer Credit Reporting Act.

34. As a result of Defendant's conduct Plaintiff suffered severe emotional distress, humiliation and embarrassment. Plaintiff is thus entitled to both general and special damages according to proof.

35. As a proximate result of the actions of the Defendant, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited laws, plaintiff is entitled to actual damages, loss of wages, pain and suffering, punitive damages, costs and attorney fees.

[Prayer on following page]

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For punitive damages against defendant FORD and DOES 1-10, Inclusive, according to proof at trial;

3. For attorney's fees where authorized by statute or law;

4. For costs of suit;

5. For civil penalties and such other penalties per each separate violation as authorized by statute;

6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: ~~August~~ September 4 2013   CONSUMER ACTION LAW GROUP, PC

By: _____
Pauliana N. Lara
Attorneys for Plaintiff
CHRISTOPHER BURTON

Dated: ~~August~~ Sept 4 2013   LAW OFFICES OF ROBERT F. BRENNAN

By: _____
Robert F. Brennan
Attorneys for Plaintiff
CHRISTOPHER BURTON

Robert F. Brennan SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN AP.C.
3150 Montrose Ave.
La Crescenta CA 91214
Tel: 818-249-5291
Fax: 818-249-4329

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BURTON, an Individual;<br><br>PLAINTIFF(S)<br>v.<br><br>SUNRISE FORD., a Corporation; and DOES 1-10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV13-06527**-AJW<br><br><br>SUMMONS |

TO: DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Robert F. Brennan_____, whose address is _3150 Montrose Ave. La Crescenta CA 91214_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP - 6 2013__    By: ____MARILYN DAVIS____
                                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CHRISTOPHER BURTON, an Individual;

**DEFENDANTS**
SUNRISE FORD., a Corporation; and DOES 1-10, Inclusive,

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Los Angeles California

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Los Angeles, California

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert F. Brennan, Esq. SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN AP.C.
3150 Montrose Ave.
La Crescenta, CA 91214   Telephone 818-249-5291

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No      ☑ **MONEY DEMANDED IN COMPLAINT: $ 300,000**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s):

**CV 13 - 06527**

**FOR OFFICE USE ONLY:** Case Number: _____

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☒ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  Los Angeles, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
  SUNRISE FORD - California

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
  Los Angeles County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____[signature]_____   Date   Sept. 4, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |